

**AEE JUDGE MAROVICH**
**MAGISTRATE JUDGE DENLOW**

**FILED**
**JANUARY 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 525**

| | | |
|---|---|---|
| **EDWARD R. BROWN**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: |
| | ) | |
| v. | ) | |
| | ) | |
| **P.O. T. DEROUIN, STAR NO. 7619** and | ) | COMPLAINT FOR |
| **P.O. K. STOLL, STAR NO. 14421**, individually, | ) | VIOLATION OF CIVIL RIGHTS |
| and the **CITY OF CHICAGO.** | ) | AND SUPPLEMENTAL STATE |
| | ) | CLAIMS |
| Defendants | ) | |
| | ) | **JURY DEMANDED** |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff EDWARD BROWN ("Brown") was and now is a citizen of the United States.

4. At all times herein mentioned, Defendants T. DEROUIN Star No. 7619 ("Derouin"), and K. STOLL Star No. 14421 ("Stoll"), were members of the City of Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the City of Chicago. These officers are being sued in their individual/personal capacities.

1

5.  At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

## FACTUAL ALLEGATIONS

6.  On October 26, 2006, Plaintiff was in the vicinity of 7830 S. Essex Ave., Chicago, Illinois.

7.  At that place and date, Defendants arrived at Plaintiff's location.

8.  Defendants then made an unlawful search of Plaintiff.

9.  Plaintiff was then handcuffed, arrested and transported to the police station. There was no probable or legal cause for the arrest.

10. Plaintiff was then charged and then prosecuted for the crime of possession of a controlled substance. There was no legal cause to believe that Plaintiff should be charged with any crime.

11. All criminal charges against the Plaintiff were dismissed on or about November 14, 2006. The charges were terminated in Plaintiff's favor.

12. Plaintiff did not consent to any of the acts above described.

13. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

14. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights

and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I

### PLAINTIFF AGAINTST DEFENDANTS DEROUIN AND STOLL FOR

### THE CIVIL RIGHTS CLAIM OF FALSE ARREST

16. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) as though fully alleged at this place.

17. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

18. Defendants caused the arrest of Plaintiff unreasonably and without probable or any legal cause to believe that Plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

## COUNT II

### PLAINTIFF AGAINST DEFENDANTS DEROUIN AND STOLL FOR

### THE CIVIL RIGHTS CLAIM OF UNLAWFUL SEARCH

19. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) as though fully set forth at this place.

20. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

21. Defendants unlawfully searched Plaintiff without Plaintiff's consent, unreasonably, and without legal cause. Therefore, Defendants, and each of them, are liable for an unlawful search under 42 U.S.C. § 1983.

## COUNT III

## PLAINTIFF AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF MALICIOUS PROSECUTION

22. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) as though fully alleged at this place.

23. Defendants, and each of them, caused a criminal prosecution to commence against the plaintiff.

24. Defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiffs without probable or any legal cause for the institution and continuation of these proceedings. As a result, plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

25. Defendants facilitated this malicious prosecution by the creation of false evidence and by giving false police reports.

26. The criminal proceedings were terminated in the plaintiffs' favor.

27. The City of Chicago is liable as a result of *respondeat superior*.

28.     Therefore, Defendants, and each of them, are liable under the state supplemental claim of Malicious Prosecution.

WHEREFORE, Plaintiff, Edward Brown, by and through his attorneys, Ed Fox & Associates, request judgment as follows against Defendants, and each of them on all claims:

1.      That Defendants be required to pay the Plaintiff, general damages, including emotional distress, in a sum to be ascertained;

2.      That Defendants be required to pay the Plaintiff special damages in a sum to be ascertained;

3.      That Defendants, except the City of Chicago, be required to pay Plaintiffs attorneys' fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision (except not on Count III);

4.      That Defendants Derouin and Stoll be required to pay Plaintiff's punitive and exemplary damages in a sum to be ascertained;

5.      That Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.      That Plaintiff have such other and further relief as this Court may deem just and proper.

By: /s/ Leslie C. McCoy
        Leslie C. McCoy
        ED FOX & ASSOCIATES
        Suite 330
        300 West Adams
        Chicago, IL. 60602
        (312) 345-8877

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                        By: */s/* Leslie C. McCoy
                                                Leslie C. McCoy
                                                ED FOX & ASSOCIATES
                                                Suite 330
                                                300 West Adams
                                                Chicago, IL. 60602
                                                (312) 345-8877