IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| EDWARD R. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.  08 C 525 |
| | ) | |
| P.O. T. DEROUIN, STAR NO. 7619 and | ) | JUDGE MAROVICH |
| P.O. K. STOLL, STAR NO. 14421, individually, | ) | |
| and the CITY OF CHICAGO. | ) | MAG. JUDGE DENLOW |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**DEFENDANTS' ANSWER, 12(B)(6) DEFENSE, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City") and Defendant Officers Thomas Derouin and Kevin Stoll ("Defendant Officers"), collectively referred to as ("Defendants"), by one of their attorneys, Marcy M. Labedz, Assistant Corporation Counsel, hereby submit their Answer, 12(b)(6) Defense, Affirmative Defenses, and Jury Demand to Plaintiff's Complaint.

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

**ANSWER:** Defendants admit this Court has jurisdiction over this matter, but deny any wrongful or illegal conduct.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**ANSWER:** Defendants admit that venue is proper because all of the alleged acts complained of arose in this district, but deny any wrongful or illegal conduct.

## PARTIES

3. At all times herein mentioned, Plaintiff EDWARD BROWN ("Brown") was and now is a citizen of the United States.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

4. At all times herein mentioned, Defendants T. DEROUIN Star No. 7619 ("Derouin"), and K. STOLL Star No. 14421 ("Stoll"), were members of the City of Chicago Police Department, and were acting under color of state law and as the employees, agents or representatives of the City of Chicago. These officers are being sued in their individual/personal capacities.

**ANSWER:** Defendants admit the allegations contained in Paragraph 4, but deny any wrongful or illegal conduct.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Chicago maintained, managed, and/or operated the City of Chicago Police Department.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5.

## FACTUAL ALLEGATIONS

6. On October 26, 2006, Plaintiff was in the vicinity of 7830 S. Essex Ave., Chicago, Illinois.

**ANSWER:** Defendants admit that on October 26, 2006 at approximately 7:55 p.m., Plaintiff was in the vicinity of 7812 S. Essex Avenue in Chicago.

7. At that place and date, Defendants arrived at Plaintiff's location.

**ANSWER:** Defendants admit that on October 26, 2006 at approximately 7:55 p.m., Defendant Officers arrived in the vicinity of 7812 S. Essex Avenue in Chicago.

8. Defendants then made an unlawful search of Plaintiff.

2

**ANSWER:**   Defendants deny the allegations and complained of conducted contained in Paragraph 8, as well as the sequence of events.

9. Plaintiff was then handcuffed, arrested and transported to the police station. There was no probable or legal cause for the arrest.

**ANSWER:**   Defendants admit that Plaintiff was arrested, handcuffed, and transported to the police station. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 9, as well as the sequence of events.

10. Plaintiff was then charged and then prosecuted for the crime of possession of a controlled substance. There was no legal cause to believe that Plaintiff should be charged with any crime.

**ANSWER:**   Defendants admit that Plaintiff was charged with the crime of unlawful possession of a controlled substance. Upon information and belief, Defendants admit that Plaintiff was prosecuted for said crime in the case of *People of the State of Illinois v. Edward Brown*, case number 06114246101. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 10, as well as the sequence of events.

11. All criminal charges against the Plaintiff were dismissed on or about November 14, 2006. The charges were terminated in Plaintiff's favor.

**ANSWER:**   Upon information and belief, Defendants admit that an order of Nolle Prosequi was entered for the underlying criminal charge on November 14, 2006. Defendants deny that the charges terminated in Plaintiff's favor or in a manner indicative of Plaintiff's innocence.

12. Plaintiff did not consent to any of the acts above described.

**ANSWER:**   Defendants admit the allegations, but deny any wrongful or illegal conduct contained in Paragraph 12.

13.     By reason of the above-described acts and omissions of Defendants, Plaintiff sustained physical injuries, humiliation, and indignities, and suffered great physical, mental, and emotional pain and suffering all to his damage in an amount to be ascertained.

**ANSWER:**    Defendants deny the allegations and complained of conduct contained in Paragraph 13.

14.     The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

**ANSWER:**    Defendants deny the allegations and complained of conduct contained in Paragraph 14.

15.     By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights.  By reason thereof, Plaintiff requests payment by defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**ANSWER:**    Defendants deny the allegations and complained of conduct contained in Paragraph 15.

**COUNT I**
**PLAINTIFF AGAINST DEFENDANTS DEROUIN AND STOLL**
**FOR THE CIVIL RIGHTS CLAIM OF FALSE ARREST**

16.     Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) as though fully alleged at this place.

**ANSWER:**    Defendants reassert their answers to Paragraphs 1 through 15, as though fully stated herein, as their answer to Paragraph 16 of Count I of Plaintiff's Complaint[1].

17.     By reason of Defendants' conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

---

[1]The City makes no further answer to Count I, since Count I is directed to Defendants Deruin and Stoll, and not to the City.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 17.

18. Defendants caused the arrest of Plaintiff unreasonably and without probable [sic] or any legal cause to believe that plaintiff had committed any crime. Therefore, Defendants and each of them are liable for false arrest under 42 U.S.C. § 1983.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 18.

## COUNT II
### PLAINTIFF AGAINST DEFENDANTS DEROUIN AND STOLL FOR THE CIVIL RIGHTS CLAIM OF UNLAWFUL SEARCH

19. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) as though fully set forth at this place.

**ANSWER:** Defendants reassert their answers to Paragraphs 1 through 15, as though fully stated herein, as their answer to Paragraph 19 of Count II of Plaintiff's Complaint[2].

20. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to them by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 20.

21. Defendants unlawfully searched plaintiff without plaintiff's consent, unreasonably, and without legal cause. Therefore, Defendants, and each of them, are liable for an unlawful search under 42 U.S.C. § 1983.

**ANSWER:** Defendant Officers deny the allegations and complained of conduct contained in Paragraph 21.

## COUNT III
### PLAINTIFF AGAINST ALL DEFENDANTS FOR THE SUPPLEMENTAL STATE CLAIM OF MALICIOUS PROSECUTION

---

[2]The City makes no further answer to Count II, since Count II is directed to Defendants Deruin and Stoll, and not to the City.

22.	Plaintiff hereby incorporates and re-alleges paragraphs one (1) through fifteen (15) as though fully alleged at this place.

**ANSWER:**	Defendants reassert their answers to Paragraphs 1 through 15, as though fully stated herein, as their answer to Paragraph 22 of Count III of Plaintiff's Complaint.

23.	Defendants, and each of them, caused a criminal prosecution to commence against the plaintiff.

**ANSWER:**	Defendant Stoll admits that he signed the criminal complaint against Plaintiff, but denies any wrongful or illegal conduct. Defendants admit that Plaintiff was charged with the crime of unlawful possession of a controlled substance. Upon information and belief, Defendants admit that Plaintiff was prosecuted for said crime in the case of *People of the State of Illinois v. Edward Brown*, case number 06114246101. Defendant Deruin denies that he caused a criminal prosecution to commence against Plaintiff. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 23.

24.	Defendants, police officers employed by the City of Chicago, maliciously commenced and caused to be continued a criminal action against the plaintiffs [sic] without probable [sic] or any legal cause for the institution and continuation of these proceedings. As a result, plaintiff was injured emotionally and otherwise from the loss of certain constitutionally protected liberty and related rights.

**ANSWER:**	Defendant Stoll admits that he signed the criminal complaint against Plaintiff, but denies any wrongful or illegal conduct. Defendants admit that on October 26, 2006 Defendant Officers were employed by the City of Chicago Police Department. Defendant Deruin denies that he caused a criminal prosecution to commence against Plaintiff. Defendants deny the remaining allegations and complained of conduct contained in Paragraph 24.

25.	Defendants facilitated this malicious prosecution by the creation of false evidence and by giving false police reports.

**ANSWER:**   Defendants deny the allegations and complained of conduct contained in Paragraph 25.

26.   The criminal proceedings were terminated in the plaintiffs' favor.

**ANSWER:**   Defendants deny the allegations and complained of conduct contained in Paragraph 26. Further, Defendants deny that the charges terminated in a manner indicative of Plaintiff's innocence.

27.   The City of Chicago is liable as a result of *respondeat superior.*

**ANSWER:**   Defendants admit the City is sued in this Count pursuant to the doctrine of *respondeat superior*, but deny any wrongful or illegal conduct, and deny their conduct as alleged.

28.   Therefore, Defendants, and each of them, are liable under the state supplemental claim of Malicious Prosecution.

**ANSWER:**   Defendants deny the allegations and complained of conduct contained in Paragraph 28.

## 12(b)(6) DEFENSE

### FIRST 12(b)(6) DEFENSE: STATUTE OF LIMITATIONS ON STATE CLAIMS

To the extent Plaintiff is making claims based on State of Illinois laws, the statute of limitations for state law claims against a municipality or its employees is one year. 745 ILCS 10/8-101 (West 2002). Plaintiff's Complaint alleges that the incident on which it is based occurred on October 26, 2006. (Complaint at ¶ 6 of Factual Allegations). Further, Plaintiff alleges that the underlying criminal case was dismissed on November 14, 2006. (Complaint at ¶ 11 of Factual Allegations). Therefore, because Plaintiff filed his Complaint on January 24,

2008, all state law claims directed to Defendants in Count III, should be dismissed as beyond the statue of limitations.

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE: QUALIFIED IMMUNITY

Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the respective Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that the respective Defendant Officers possessed. Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

### SECOND AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/2-201

As to all state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decision to arrest Plaintiff was based upon the information and circumstances known to Defendant Officers at the time, and was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (West 2004).

### THIRD AFFIRMATIVE DEFENSE: STATE TORT IMMUNITY ACT 745 ILCS 10/2-202

Defendant Officers were working as police officers at the time of this incident. Therefore, as to all claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because a public employee is not liable for his or her acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (West 2004).

**FOURTH AFFIRMATIVE DEFENSE:**
**STATE TORT IMMUNITY ACT 745 ILCS 10/2-208**

Under Illinois Tort immunity law, Defendant Officers are not liable for injury allegedly caused by the instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acted maliciously and without probable cause.  745 ILCS 10/2-208 (West 2004).

**FIFTH AFFIRMATIVE DEFENSE:**
**STATE COMPARATIVE AND CONTRIBUTORY NEGLIGENCE LAW**

That any injuries or damages claimed by the Plaintiff against Defendants were caused, in whole or in part, by negligent, willful and wanton, and intentional conduct of the Plaintiff.  Even if Defendants were liable in damages, the total amount of damages to which Plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the negligent, willful and wanton and intentional conduct of Plaintiff which were the proximate cause of his injuries.  In addition, at the time of the actions alleged in Plaintiff's Complaint, Illinois statute 735 ILCS 5/2-1116 (West 2004) was in effect and reduces a plaintiff's recovery according to his contributory negligence and bars his recovery entirely when a plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

## SIXTH AFFIRMATIVE DEFENSE:
## MITIGATION OF DAMAGES

To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by a jury in this case.

## SEVENTH AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-109

Under state law, the City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (West 2004).

## EIGHTH AFFIRMATIVE DEFENSE:
## STATE TORT IMMUNITY ACT 745 ILCS 10/2-102

Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-102 (West 2002).

## CONCLUSION

**WHEREFORE**, Defendants request that judgment be entered in their favors and against the Plaintiff, for the costs of defending this suit, and other such relief as the Court deems just and appropriate.

**JURY DEMAND**

Defendants, the City of Chicago, Thomas Derouin and Kevin Stoll , hereby demand a jury trial for all issues so triable.

Respectfully submitted,

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
Atty. No. 06279219

Dated: April 29, 2008

## CERTIFICATE OF SERVICE

I, Marcy M. Labedz, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANTS' ANSWER, 12(B)(6) DEFENSE, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT** to be sent via e-filing to the persons named in the foregoing Notice, "Filing Users" pursuant to Case Management/Electronic Case Files, on April 29, 2008, in accordance with the rules on electronic filing of documents.

/s/ Marcy M. Labedz
MARCY M. LABEDZ
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3982
(312) 744-6566 (fax)
Atty. No. 06279219